IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

JS 6

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No.CV 09-3585 DSF |
| | ) | (FMOx)_____ |
| v. | ) | |
| | ) | |
| PIERPONT SEAFOOD, | ) | |
| a sole-proprietorship, and | ) | CONSENT DECREE OF PERMANENT |
| SOVEREIGN SEAFOODS, INC. | ) | INJUNCTION |
| d/b/a HARBOR MEAT & SEAFOOD, | ) | |
| a corporation, and | ) | |
| ALFRED L. BALLABIO, | ) | |
| an individual, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, the United States of America, by its undersigned attorneys, having filed a Complaint for permanent injunctive relief against Pierpont Seafood ("Pierpont"), Sovereign Seafoods, Inc., doing business as Harbor Meat & Seafood ("Sovereign"), and Alfred L. Ballabio (hereinafter, collectively, "defendants") and the defendants having appeared and having consented to the entry of this Consent Decree of Permanent Injunction ("Decree") without contest and before any testimony has been taken, and the United States of America having consented to this Decree;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.  This Court has jurisdiction over the subject matter and over all parties to this action.

2.  The Complaint for Permanent Injunction states a cause of action against the defendants under the Federal Food, Drug, and

Cosmetic Act, 21 U.S.C. §§ 301 et seq. ("the Act").

3.   The defendants violate 21 U.S.C. § 331(k) of the Act by causing fish and fishery products, articles of food within the meaning of 21 U.S.C. § 321(f) (hereafter, "food"), to become adulterated within the meaning of 21 U.S.C. § 342(a)(4).  The articles of food are adulterated within the meaning of 21 U.S.C. § 342(a)(4) in that they have been prepared, packed, or held under insanitary conditions whereby they may have been rendered injurious to health.  Defendants Ballabio and Pierpont also violate the Act, 21 U.S.C. § 331(dd), by failing to register Pierpont in accordance with 21 U.S.C. § 350d and 21 C.F.R. Part 1, Subpart H.

4.   The defendants and each and all of their agents, representatives, employees, attorneys, successors, assigns, and any and all persons in active concert or participation with any of them are hereby permanently restrained and enjoined, under the provisions of 21 U.S.C. § 332(a), from preparing, packing, holding, and distributing, at or from Pierpont's processing facility located at 1449 Spinnaker Drive, Ventura, California, Sovereign's processing facility located at 215 Helena Street, Santa Barbara, California, and at or from any other locations at which the defendants prepare, pack, hold, or distribute food, any fish or fishery products, unless and until:

A.   The Pierpont facility has been registered in accordance

2

with 21 U.S.C. § 350d and 21 C.F.R. Part 1, Subpart H, and FDA has been provided with written verification of such registration;

B.  The defendants have selected a person ("expert") who is without any personal or financial ties (other than the consulting agreement) to the defendants or their families and who, by reason of background, experience, and education, is qualified to: (1) conduct hazard analyses and to develop adequate written hazard analysis critical control point ("HACCP") plans for the processing of fish and fishery products at Pierpont and Sovereign, as required by 21 C.F.R. § 123.6(a)-(c); (2) verify the adequacy of HACCP plans, as required by 21 C.F.R. § 123.8; (3) develop adequate Sanitation Standard Operating Procedures ("SSOPs") specific to Pierpont and Sovereign, as required by 21 C.F.R. § 123.11; and (4) evaluate the defendants' monitoring of key sanitation conditions and practices, as set forth in 21 C.F.R. § 123.11(b);

C.  The expert selected by defendants has: (1) developed adequate, facility-specific, written HACCP plans for each type of fish and fishery product prepared, packed, held, and distributed by the defendants that will effectively control the hazards associated with each product, as required by 21 C.F.R. § 123.6; (2) evaluated the implementation of these plans to determine their adequacy, as required by 21 C.F.R. § 123.8; (3) developed adequate, facility-specific SSOPs for Pierpont and Sovereign, as

3

required by 21 C.F.R. § 123.11; and (4) evaluated the defendants'
monitoring of key sanitation conditions and practices, as set
forth in 21 C.F.R. § 123.11(b);

     D.  The United States Food and Drug Administration ("FDA")
has approved in writing the HACCP plans and SSOPs developed by
the expert;

     E.  The defendants have implemented the HACCP plans to the
satisfaction of FDA;

     F.  Within five (5) business days after receiving written
notification from defendants that the requirements of paragraph
4(C) have been completed, or as soon thereafter as is reasonably
practicable in the event that FDA representatives are attending
to FDA matters that cannot be rescheduled, FDA, if it deems it
necessary, shall inspect the defendants' processing facilities,
including all records relating to the preparation, packing,
holding, and distribution of fish and fishery products.  The
costs of FDA inspections conducted pursuant to this paragraph
(including sampling, testing, travel, document preparation and
review time, and subsistence expenses) shall be borne by the
defendants at the rates specified in paragraph 14; and

     G.  FDA has notified the defendants, in writing, that they
appear to be in compliance with all of the requirements specified
in paragraph 4(A)-(F) of this Decree, the Act, and all applicable
regulations.

H.   The requirements set forth in paragraph 4 of this Decree do not prohibit the defendants from holding and distributing frozen fish and fishery products that are received and held by defendants in a frozen state, and that do not undergo any manipulation, including thawing, processing, relabeling, or repacking, prior to distribution to customers.

5.   Within fifteen (15) calendar days after the entry of this Decree, the defendants shall provide a copy of the Decree, by personal service or by certified mail, return receipt requested, to each and all of the defendants' agents, representatives, employees, attorneys, successors, assigns, and all persons in active concert or participation with any of them. The defendants shall also post a copy of this Decree in the employee common areas at the processing facilities.

6.   Within twenty (20) calendar days after the entry of this Decree, the defendants shall provide the Director, FDA Los Angeles District Office, at the address set forth in paragraph 17, and plaintiff's attorneys, an affidavit, from a person with personal knowledge of the facts stated therein, stating the fact and manner of defendants' compliance with paragraph 5, and identifying the names and positions of all persons who were notified pursuant to paragraph 5.

7.   Upon entry of the Decree, the defendants shall, within ten (10) calendar days of employment of any new employee, provide

a copy of the Decree, by personal service or by certified mail, return receipt requested, to each new employee hired by defendants.

8.   After the defendants receive written notification from FDA as specified in paragraph 4(G) above, the defendants and each and all of their agents, representatives, employees, attorneys, successors, assigns, and any and all persons in active concert or participation with any of them are permanently restrained and enjoined from directly or indirectly doing or causing to be done any of the following acts:

A.   Introducing or delivering for introduction into, or causing the introduction or delivery for introduction into, interstate commerce any article of food that is adulterated within the meaning of 21 U.S.C. § 342(a)(4);

B.   Causing any article of food to become adulterated, within the meaning of 21 U.S.C. § 342(a)(4), while such food is held for sale after shipment in interstate commerce; and

C.   Failing to implement and continuously maintain the requirements of this Decree.

9.   Representatives of FDA shall be permitted, without prior notice and as and when FDA deems necessary, to make inspections of the defendants' processing facility, or of any new location(s) at which the defendants prepare, pack, hold, and/or distribute food, and, without prior notice and as and when FDA deems

necessary, to take any other measures necessary to monitor and ensure continuous compliance with the terms of this Decree. Such inspections may, at FDA's discretion, include the taking of photographs and samples and the examination and copying of all records that relate to the preparing, packing, holding, or distribution of fish and fishery products. Such inspections shall be permitted upon presentation of a copy of this Decree and appropriate credentials. Such inspection authority granted by this Decree is apart from, and in addition to, the authority to make inspections under the Act, 21 U.S.C. § 374.

10.   The defendants shall promptly provide any information or records to FDA regarding the preparing, packing, holding, or distribution of fish and fishery products upon request. The defendants shall maintain copies of their HACCP plans, and all records required by their HACCP plans and 21 C.F.R. Part 123, at the processing facilities in a location where they are readily available for reference and inspection by FDA representatives. All records required to be kept by the HACCP plans and by regulation shall be retained for at least three (3) years after the date they are prepared and shall be presented immediately to FDA investigators upon request.

11.   If, at any time after entry of this Decree, FDA determines, based on the results of an inspection, analysis of a sample or samples, or other information, that the defendants have

failed to comply with any provision of this Decree, have violated the Act or FDA regulations, or that additional corrective actions are necessary to achieve compliance with this Decree, the Act, or FDA regulations, FDA may, as and when it deems necessary, order the defendants in writing to take appropriate action, including, but not limited to, ordering the defendants immediately to take one or more of the following actions:

A.  Cease preparing, packing, holding, and distributing food, including any fish and fishery products;

B.  Recall all articles of their products that have been distributed or are under the custody and control of the defendants' agents, distributors, customers, or consumers;

C.  Institute or re-implement any of the requirements set forth in this Decree; or

D.  Take any other corrective actions as FDA deems necessary to protect the public health or bring the defendants into compliance with this Decree, FDA regulations, and the Act. All costs of such recall(s) and corrective actions shall be borne by the defendants.  The costs of FDA inspections, sampling, testing, document preparation and review time, travel time, and subsistence expenses to implement the remedies set forth in this paragraph shall be borne by the defendants at the rates specified in paragraph 14.  This provision shall be separate and apart from, and in addition to, all other remedies available to FDA.

8

12.  Any cessation of operations or other corrective actions as described in paragraph 11 shall continue until the defendants receive written notification from FDA that the defendants appear to be in compliance with the Act, FDA regulations, and this Decree.

13.  If any defendant(s) fails to comply with any of the provisions of this Decree, including any time frame imposed by this Decree, then, on motion of the United States in this proceeding, such defendant(s) shall pay to the United States of America: three thousand dollars ($3,000) in liquidated damages for each day such violation continues and an additional sum of one thousand dollars ($1,000) in liquidated damages for each violation of the Act, its implementing regulations, and/or this Decree.  In addition, should any defendant(s) distribute any adulterated fish or fishery product, such defendant(s) shall, in addition to the foregoing, pay to the United States as liquidated damages a sum equal to twice the retail value of such fish or fishery product.  Defendants understand and agree that the liquidated damages specified in this paragraph are not punitive in nature and their imposition does not in any way limit the ability of the United States to seek, or the power of the Court to impose, additional civil or criminal penalties to be paid by defendants, or remedies based on conduct that may also be the basis for payment of liquidated damages pursuant to this

paragraph.

14.  The defendants shall pay the costs of FDA's
supervision, inspection, analysis, review, and examination
conducted pursuant to this Decree at the standard rates
prevailing at the time the activities are accomplished.  As of
the date of entry of this Decree, these rates are: $85.49 per
hour and fraction thereof per representative for inspection and
supervision work other than laboratory and analytical work;
$102.49 per hour and fraction thereof per person for laboratory
and analytical work; $0.55 per mile for travel by automobile; the
government rate or equivalent for travel by air; and the
published government per diem rate, or the equivalent, for the
areas in which the inspections are performed, per representative
for subsistence expenses, where necessary.  In the event that the
standard rates generally applicable to the FDA supervision of
court-ordered compliance are modified, these rates shall be
increased or decreased without further order of the Court.

15.  Should the United States bring, and prevail in, a
contempt action to enforce the terms of this Decree, the
defendants shall, in addition to other remedies, reimburse the
United States for its attorneys' fees, investigational expenses,
expert witness fees, travel expenses incurred by attorneys and
witnesses, and administrative court costs relating to such

contempt proceedings.

16.  The defendants shall notify in writing the FDA Los Angeles District Director at the address specified in paragraph 17 of this Decree at least twenty (20) calendar days before any change in ownership or character of their business such as dissolution, assignment, bankruptcy, or sale resulting in emergence of a successor corporation, the creation or dissolution of subsidiaries, or any other change in the corporate structure of Pierpont or Sovereign, or the sale or assignment of any business assets, such as buildings, equipment, or inventory, that may affect compliance with this Decree.  The defendants shall provide a copy of this Decree to any proposed successor or assignee at least thirty (30) calendar days prior to making any assignment or transferring any interest in the company as described in this paragraph.  The defendants shall furnish FDA with an affidavit of compliance with this paragraph no later than fifteen (15) calendar days prior to such assignment or change in ownership.

17.  All notifications, correspondence, and communications to FDA required by the terms of this Decree shall be submitted to the Director, FDA Los Angeles District Office, 19701 Fairchild, Irvine, California 92612-2506.

18.  Defendants shall abide by the decisions of FDA, which

11

decisions shall be final.  FDA decisions under this Decree shall be reviewed by the Court, if contested, under the arbitrary and capricious standard set forth in 5 U.S.C. § 706(2)(A).  Review shall be based exclusively on the written record before FDA at the time the decision was made.  No discovery shall be taken by either party.

19.  This Court retains jurisdiction of this action and the parties hereto for the purpose of enforcing and modifying this Decree and for the purpose of granting such additional relief as may be necessary and appropriate.

20.  No sooner than five (5) years after entry of this Decree, defendants may petition this Court for an order dissolving this Decree.  If defendants have maintained to FDA's satisfaction a state of continuous compliance with this Decree, the Act, and all applicable regulations during the five (5) years preceding defendants' petition, plaintiff will not oppose such petition.


SO ORDERED:

Dated this 28th day of May, 2009.

_____
UNITED STATES DISTRICT JUDGE

We hereby consent to the entry of the foregoing Decree:

FOR DEFENDANTS                          FOR PLAINTIFF


_____

ALFRED L. BALLABIO
Individually and as Owner of
Pierpont Seafood and President
and Owner of Sovereign
Seafoods, Inc. d/b/a Harbor
Meat & Seafood


_____

IAN MORSE                               EUGENE M. THIROLF
Appel & Morse, LLP                      Director
209 E. Anapamu Street
Santa Barbara, CA 93101                 _____
Telephone: (805) 966-0874
Attorney for Alfred L.                  GERALD C. KELL
Ballabio                                Senior Trial Counsel
                                        Office of Consumer Litigation
                                        Department of Justice
_____        Civil Division
                                        P.O. Box 386
IAN MORSE                               Washington, DC 20044
Appel & Morse, LLP                      Telephone: (202) 514-1586
209 E. Anapamu Street
Santa Barbara, CA 93101                 OF COUNSEL:
Telephone: (805) 966-0874
Attorney for Sovereign                  DAVID S. CADE
Seafoods, Inc. d/b/a Harbor             Acting General Counsel
Meat & Seafood
                                        JEFFREY SENGER
                                        Acting Associate General
                                        Counsel
                                        Food and Drug Division

                                        ERIC M. BLUMBERG
                                        Deputy Chief Counsel,
                                        Litigation

                                        MICHAEL SHANE
                                        Associate Chief Counsel
                                        for Enforcement
                                        U.S. Department of Health and
                                        Human Services